**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4363**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JENNIFER FERRARO WOODSON,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:13-cr-00086-IMK-MJA-3)

───────────────

Submitted:  November 17, 2022              Decided:  November 22, 2022

───────────────

Before KING, QUATTLEBAUM, and RUSHING, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Brian J. Kornbrath, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Zelda Elizabeth Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jennifer Ferraro Woodson appeals the district court's judgment revoking her supervised release and sentencing her to 12 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Woodson's sentence is plainly unreasonable. The Government has declined to file a brief. Although notified of her right to file a pro se supplemental brief, Woodson has not done so. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*, 872 F.3d at 207 (footnote omitted); *see* 18 U.S.C. § 3583(e). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the

2

sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted).  Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable.  *United States v. Moulden*, 478 F.3d 652, 656-57 (4th Cir. 2007).

We conclude that Woodson's sentence is procedurally and substantively reasonable. The district court imposed a within-policy-statement-range sentence, considered the relevant statutory factors, and gave sufficiently detailed reasons for its decision. Specifically, the court emphasized that, despite all the resources and treatment offered to Woodson, she returned to using fentanyl.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  Accordingly, we affirm the district court's revocation judgment.  This court requires that counsel inform Woodson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Woodson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Woodson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3